Chief Justice Robertson
delivered the Opinion of the Court.
so|(] {0 Steele a house and lot in Lexington, and . . . . delivered to him a writing, beginning, “ this indenture,” reciting that he had sold to him the house and lot, and concluding with a covenant to make a title, by deed of general warranty, on the payment of the whole consideration.
As assignee of that writing, McDonald sued Ford, in an actiot> of covenant ; and judgment was rendered in _ ' favor of Ford.
To reverse that judgment, this writ of error is prosecuted.
Two questions only will be considered by this court. First. Is the declaration good ? Second. Is plea number 5 a bar to the action ?
The declaration contains, in an appropriate form, every averment essential to the maintenance of the action ; but it treats the written contract between the parties as an executory agreement altogether ; and the counsel for *465 the defendant in error argues, that it is a conveyance with a covenant for further assurance:
Rea — insuffi-One*’bound to conveylandmay by anagreemerit Rescind, or by of the laniTto such proceeding has no-fice of die assignment of his fect'uie^issigí ee’s rights, The plf qf ? by an assignee, fectspleadldoc6 curred before no signm!,*6 ^
A A covenantor, with notice of . UI1 should make tbe assignee a party to his bill to subject the land to the payment chase money : otherwise, the sale may vest the title in a bona fide purchaser, covenantor liable to the assignee. assignment, of the pur-leaving the
Tne phraseology of the writing is unskilful and iriap-propriate. But, taking it all together, it should be understood to be, in every respect, an executory agreement, importing only that Ford had sold, and would convey to Steel, by deed of- general warranty, the house and lot, on the payment of the entire consideration.
The fifth plea avers, in substance, that, before Ford had notice of the assignment, “ Steel owed him a part of the consideration” — to enforce which he filed a bill in chancery against Steel, praying for a decree subjecting the house and lot to the payment of the debt, and obtained a decree accordingly ; in virtue of which, the house and lot had been sold, and a conveyance therefor made to the purchaser. A demurrer to the replication to this plea having been sustained, judgment was ren-1 , ° . dered in bar of tne action, tor want oí a replication.
The circuit court erred in sustaining the demurrer; because, although the replication was defective, the plea itself was equally so. The plea does not aver that the bill was filed before the assignment., or even that the decree was obtained prior to notice of the assignment. Before notice of the assignment, Ford would have had a right to rescind the contract with Steel, or to take back the property, or, (which is in effect the same thing,) to obtain a decree for subjecting the house and lot to the payment of his debt, whereby his obligation to convev the legal title according to his covenant, would have been extinguished. As the decree was rendered at the instance, and for the benefit, of Ford, it can place him in no better condition than he would have stood in had he and Steel voluntarily rescinded their contract. • Had they done so before the assignment, or before Ford had notice of it, such an arrangement would have exonerated Ford from liability on his covenant, either to Steel or his assignee.
But if, before the decree was rendered, Ford had no- ’ tice of the assignment, he ought to have made the as- *466 signee a party, (unless the assignment was made pecienta lite,) and had no right to obtain a decree absolving ium-self from his liability to the assignee. In that event the only effect of the decree and of the sale and conveyance under it, would be, that it might vest the tille irrevocably in a bona fide purchaser without notice of the assign- or’s equity, and might render Ford liable to the assignee, without a payment or a tender of the whole consideration ; because, if he put it out of his power to comply with his covenant, a payment or tender may have been dispensed with as a precedent condition.
The plea does not allege, that anv part of the consideration remained due at the date of tire assignment, or of the decree; and had it even contained such an averment, it would not have been better than it is, because that matter is only pleaded as inducement to the other and substantive matter of the plea, to wit, the suit in -chancery, the decree, and the sale and conveyance under the decree.
Wherefore, the judgment of the circuit court must be reversed, and the cause remanded for further proceedings.